**FILED**

AUG 30 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTO RUFIN-ALFONSO,<br><br>Defendant. | Criminal Case No. 09CR0112-BTM<br><br>ORDER APPROVING VOUCHER |

This matter came before the Court on the application of attorney Gerald T. McFadden for approval of the voucher of Alejandro Amigo, the investigator who assisted Mr. McFadden in the above captioned case. The voucher seeks fees in the amount of $4,928.00 for 89.6 hours of work that took place between April 1, 2009 and July 31, 2010. The case terminated on January 28, 2010.

18 U.S.C. § 3006A(e) provides for payment of services other than counsel, such as investigators, experts, paralegals and interpreters. For the time period relevant here, Section 3006A(e)(2) provided:

> **(2) Without prior request.--(A)** Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $500 and expenses reasonably incurred.
>
> **(B)** The court, or the United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $500.

1      Thus, under Section 3006A(e)(2), counsel may obtain investigative, expert and other services without prior authorization only if the total cost does not exceed $500 in fees.[1] The Court may nevertheless approve a voucher for such services over $500 only if it is in the interest of justice and the Court finds that the "timely procurement of necessary services could not await prior authorization." The statute clearly requires advance approval of such fees over $500. Unless the Court makes the statutory finding that the timely procurement of the services could not await prior approval, it appears the court cannot approve payments over $500. See United States v. Barger, 672 F.2d 772 (9th Cir. 1982) (affirming district court's denial of investigator fees for failure to obtain advance approval; see also United States v. Sprouse, 2010 WL 335554 (Jan. 28, 2010 W.D.N.C.) (denying counsel's request for fees in excess of $500 because prior authorization was not obtained).

      The Court, however, recognizes that it has inherent discretionary powers, which include the power, in its sound discretion and upon a proper showing, to issue nunc pro tunc orders. See e.g., Padgett v. Nicholson, 473 F.3d 1364, 1367 (Fed. Cir. 2007) (recognizing that at least two circuit courts have held that Article III courts have the authority to enter judgments and rulings on a nunc pro tunc basis); see also In re John Ochoa, 74 B.R. 191, 195 (N.D. N.Y. 1987). Indeed, in the concurring opinion in Barger, Judge Reinhardt noted that where counsel and the investigator appear to have acted in good faith at all times, other district judges "might have handled the matter in a different manner and reached a more equitable result." Barger, 672 F.2d at 777.

      Counsel made no application for advance approval of Mr. Amigo's services. On April 14, 2011, the Court held a hearing on the application. Mr. McFadden submitted a declaration requesting that this voucher be excused from the requirements of 18 U.S.C. § 3006A(e). The Court finds that Mr. Amigo was involved in several investigations and he and Mr. McFadden due to substantial case loads failed to follow the requirement of prior approval under Section 3006A(e). Mr. Amigo has served as an appointed investigator in several cases before the Court and has provided outstanding service to the indigent defendants. The hours he worked

---

[1] The maximum compensation was increased in 2010 pursuant to the Federal Judiciary Administrative Improvements Act of 2010, Pub. L. No. 111-174, enacted on May 27, 2010. Accordingly, if services were performed on or after May 27, 2010, the compensation maximum is $800.

1  in this case were necessary and reasonable and would have been authorized in an order of
2  prior approval had it been sought.
3      Upon the showing made by Mr. McFadden and Mr. Amigo, the Court hereby finds that
4  a nunc pro tunc order approving the fee application is appropriate under the circumstances.
5  However, both counsel and Mr. Amigo are cautioned to comply in the future with Section
6  3006A(e). Future failure to comply may result in the limiting of a voucher to the statutory
7  maximum (presently $800.00) for which prior approval's not necessary.
8      The Court also notes that the voucher was submitted after the one year cutoff
9  established by the Court. It appears that Mr. Amigo attempted to submit the voucher within one
10 year of the termination of the case. However, the clerk advised him that he would need an
11 application to exceed the maximum. That application was not filed within one year of the case
12 termination. Given the amount of work being handled by Mr. McFadden and Mr. Amigo, the
13 Court will excuse that delay, but cautions that no further voucher submissions beyond the one
14 year limit will be accepted.
15     The Court has reviewed the voucher and finds that all services except the entry of July
16 31, 2010 are reasonable and compensable. Therefore, the Court approves the voucher in the
17 amount of $5, 465.80.
18     Since the voucher exceeds $1,600.00 approval of the Chief Judge of the Ninth Circuit,
19 or his delegate is also necessary.
20     Mr. McFadden's declaration shall be filed under seal but a copy shall be provided to the
21 approving Circuit Judge along with this order and the voucher.

**IT IS SO ORDERED.**

Dated: August 23, 2011

HONORABLE BARRY TED MOSKOWITZ
United States District Judge

3